COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-230-CR
 
 
RODRICK 
DALE ASHWORTH                                                   APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
jury found Appellant Rodrick Dale Ashworth guilty of possession of more than one 
gram but less than four grams of methamphetamine and assessed his punishment at 
two years’ confinement probated for five years. In a single point on appeal, 
Ashworth challenges the factual sufficiency of the evidence to support his 
conviction. We will affirm.
II. Factual 
Background
        As 
Hood County Sheriff Deputy Laura Brock patrolled Highway 377, she noticed a Ford 
Bronco parked on the shoulder of the highway near Cresson. Deputy Brock observed 
a man walking near the Bronco looking for something. About twenty minutes later, 
Deputy Brock again passed the Bronco, but did not see the man. She pulled in 
behind the Bronco. The Bronco was running, and Deputy Brock used her spotlight 
and called out for anyone in the vicinity. Ashworth approached Deputy Brock and 
told her that he had been searching for a piece of his muffler. Ashworth offered 
his driver’s license to Deputy Brock. Deputy Brock testified that Ashworth 
appeared sweaty and nervous, like someone on some type of drug.
        Deputy 
Brock ran a license check on Ashworth and discovered that two outstanding 
Department of Public Safety warrants existed for his arrest. Deputy Brock placed 
Ashworth under arrest and inventoried the Bronco. In the Bronco’s unlocked 
glove box, she found a bank-type bag containing a syringe filled with liquid. In 
the Bronco’s console, she found a bank-type bag inscribed with some numbers 
and the name “Dale” that contained a hemostat and a set of electronic 
scales. Just behind the Bronco’s center console, Deputy Brock found a six-cell 
MagLite-type flashlight. The battery compartment of the flashlight contained a 
small baggie holding a yellowish-type, white powdery substance. The syringe and 
the baggie of powder were tested and found to be methamphetamine with a total 
aggregate weight of 1.36 grams. “Nun-chucks” and a “slapjack” were also 
found in the Bronco.
        Ashworth 
testified that he did not know anything about the drugs and that they did not 
belong to him. He said that the flashlight, the nun-chucks, and the slapjack 
were not his. He claimed that three other individuals had driven the Bronco in 
the month prior to his arrest: Norman Hoover, Cassie Driver Bobo, and his dad, 
Rodrick Dale Ashworth, Sr. Ashworth testified that he had not seen the navy, 
bank-type bag inscribed with “Dale” for over a year. He said he guessed he 
had left it laying in the console of the Bronco.
        Ashworth 
said that his friend Cassie had borrowed the Bronco recently to travel to her 
mother’s funeral and had performed work on it. Ashworth suspected that the 
drugs were Cassie’s because Cassie’s mother died of a drug overdose a few 
weeks before this incident and Cassie had used drugs before, although never in 
Ashworth’s presence. According to Ashworth, Cassie was a “floater,” 
staying here and there, and she had left a lot of her “stuff” in his Bronco. 
He offered into evidence a letter from the Social Security Administration that 
Cassie had received at his home. Ashworth testified that before his arrest 
Cassie had left town from the Red Barn on Henderson with some guy riding a 
Harley and that he had been attempting unsuccessfully to locate her for several 
months.
        Ashworth 
also testified that he had been on probation before for a nondrug offense and 
had driven for a trucking company, both of which required him to submit to 
random urine analysis, and that he had never used drugs or tested positive for 
drug use.
        Mr. 
Ashworth, Sr. testified that he owned the Bronco, financed the Bronco, and 
carried insurance on the Bronco. He testified, however, that his son was making 
payments on the Bronco and had been driving it for about four months. The Bronco 
was his son’s principal source of transportation. Mr. Ashworth, Sr. testified 
that, when he picked up the Bronco after it was impounded, it contained 
women’s and children’s clothing, toys, fireworks, hand tools, a CB radio, 
music CDs, and a cell phone.
        Ashworth’s 
uncle, Norman Hoover, testified that he had driven the Bronco twice earlier in 
the month of this incident and that each time the vehicle was littered with 
clothing and personal items belonging to Cassie. Hoover testified that Cassie 
had borrowed the Bronco from Ashworth and that, when she failed to return it as 
promised, he drove Ashworth to Arlington to retrieve the Bronco from Cassie.
III. Standard 
of Review and Law Concerning Possession
        In 
his sole issue, Ashworth claims that the evidence is factually insufficient to 
prove that he intentionally or knowingly possessed methamphetamine. The court of 
criminal appeals recently clarified the factual sufficiency standard of review 
we are to apply, 

There 
is only one question to be answered in a factual-sufficiency review: Considering 
all of the evidence in a neutral light, was a jury rationally justified in 
finding guilt beyond a reasonable doubt? However, there are two ways in which 
the evidence may be insufficient. First, when considered by itself, evidence 
supporting the verdict may be too weak to support the finding of guilt beyond a 
reasonable doubt. Second, there may be both evidence supporting the verdict and 
evidence contrary to the verdict. Weighing all the evidence under this balancing 
scale, the contrary evidence may be strong enough that the beyond-a- 
reasonable-doubt standard could not have been met, so the guilty verdict should 
not stand. This standard acknowledges that evidence of guilt can 
"preponderate" in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt. Stated another way, 
evidence supporting guilt can "outweigh" the contrary proof and still 
be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga 
v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) 
(footnote omitted).
        To 
prove unlawful possession of a controlled substance, the State must show that 
the defendant (1) exercised care, control, and management over the controlled 
substance and (2) knew that it was a controlled substance. Tex. Health & Safety Code Ann. § 
481.002(38) (Vernon Supp. 2004); see King v. State, 895 S.W.2d 
701, 703 (Tex. Crim. App. 1995); Gant v. State, 116 S.W.3d 124, 131 (Tex. 
App.—Tyler 2003, pet. ref’d). Concerning the knowledge element, without an 
admission by the accused, knowledge may be inferred from the circumstances. Linton 
v. State, 15 S.W.3d 615, 618 (Tex. App.—Houston [14th Dist.] 
2000, pet. ref’d). Concerning the exercise of care, custody, and control 
element, proof of the appellant's mere presence in the vicinity of a controlled 
substance is not enough. Gant, 116 S.W.3d at 131. Rather, the State must 
prove an affirmative link between the defendant and the drug. Id. (citing 
McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985)). Possession 
need not be exclusive, however, and a showing of joint possession with another 
is sufficient. Id. Whether the possession of the accused is sole or 
joint, an affirmative link must be established between the accused and the 
controlled substance by proof of other independent facts and circumstances, and 
such affirmative link may be established by circumstantial evidence. Id.
        Circumstances 
that may link a defendant to the controlled substance include (1) the defendant 
was present when the search was executed; (2) the contraband was in plain view; 
(3) the contraband was in close proximity to or accessible by the defendant; (4) 
the defendant was under the influence of contraband; (5) the defendant was in 
possession of other contraband when he was arrested; (6) the defendant made 
incriminating statements when he was arrested; (7) the defendant attempted to 
flee; (8) the defendant made furtive gestures; (9) there was an odor of the 
contraband present at the scene; (10) other contraband or drug paraphernalia 
were present that were not included in the charge; (11) the defendant owned or 
had a right to possess the place where the controlled substance was found; (12) 
the contraband was found in an enclosed place; (13) there was a significant 
amount of contraband; and (14) the defendant possessed weapons or large amounts 
of cash. Id. These affirmative links may be shown by either direct or 
circumstantial evidence and “must establish, to the requisite level of 
confidence, that the accused's connection with the drug was more than just 
fortuitous.” Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 
1995). The number of affirmative links present is not as important as the degree 
to which they tend to link the defendant to the controlled substance. Gant, 
116 S.W.3d at 131.
IV. Application 
of the Law to the Facts
        Here, 
several of the affirmative link factors do not connect Ashworth to the 
methamphetamine. The methamphetamine was not in plain view and no odor emanated 
from it. Ashworth did not possess contraband on his person when he was arrested. 
Ashworth did not make incriminating statements concerning the contraband when he 
was arrested, he did not attempt to flee or make furtive gestures, there was not 
a large amount of contraband found, and a large amount of cash was not found.
        The 
factors connecting Ashworth to the methamphetamine, however, include the fact 
that Ashworth appeared to Deputy Brock to be under the influence of some drug, 
Ashworth was the sole occupant of and the driver of the Bronco at the time of 
his arrest, the methamphetamine in the syringe in the glove box was easily 
accessible to Ashworth, and weapons were found in the Bronco. Additionally, and 
perhaps most importantly, the bank bag found in the console containing scales 
and a hemostat, i.e., other contraband or drug paraphernalia not included in the 
charge, was embossed with the name “Dale,” Ashworth’s middle name.
        An 
affirmative links analysis is necessarily fact intensive. See Lassaint v. 
State, 79 S.W.3d 736, 741 (Tex. App.—Corpus Christi 2002, no pet.) 
(recognizing that question of whether evidence is sufficient to affirmatively 
link accused to contraband must be answered on a case-by-case basis). Comparing 
the facts of this case to other cases where the court of criminal appeals has 
found the evidence factually sufficient, we conclude that, viewing the evidence 
in a neutral light, the jury was rationally justified in finding guilt beyond a 
reasonable doubt. See Gant, 116 S.W.3d at 132-33 (explaining that lack of 
evidence of numerous affirmative link factors did not render evidence factually 
insufficient); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston 
[1st Dist.] 2001, pet. ref’d) (holding bag in hatchback of car was 
immediately accessible to defendant driving car for purposes of factual 
sufficiency affirmative links analysis); Harris v. State, 994 S.W.2d 927, 
934 (Tex. App.—Waco 1999, pet. ref’d) (holding evidence factually sufficient 
to connect defendant to contraband hidden behind glove box even though car 
belonged to defendant’s mother, other people would occasionally drive his 
mother's car, and on day prior to his arrest car had been left at a paint and 
body shop); see also Powell v. State, 112 S.W.3d 642, 643 (Tex. 
App.—Houston [1st Dist.] 2003, pet. ref’d) (holding evidence 
factually sufficient to establish defendant’s possession of a firearm found in 
car’s trunk based on facts similar to the present facts). Considered by 
itself, the evidence supporting the verdict is not too weak to support the 
finding of guilt beyond a reasonable doubt. Zuniga, 2004 WL 840786, at 
*7.
        Moreover, 
weighing all the evidence, the contrary evidence is not so strong that the 
beyond-a-reasonable-doubt standard could not have been met. Id. Both 
Hoover and Mr. Ashworth, Sr. testified that they did not know who the drugs 
belonged to. No one offered any explanation as to how someone other than 
Ashworth would have obtained the bank bag with the name “Dale” on it and 
placed it in the Bronco’s console, or how Ashworth would have left it in the 
console for over a year when he had been driving his dad’s Bronco for only 
about four months. Ashworth also offered no explanation of his efforts to locate 
Cassie. He offered no evidence that anyone besides himself, i.e., an 
investigator, had attempted to locate her. Deputy Brock testified that drug 
users typically do not abandon their drugs, implying that if the drugs belonged 
to Cassie she would not have left them in someone else’s vehicle. 
Additionally, the fact that Ashworth claimed not to have noticed the nun-chucks 
and the slapjack in plain view in the Bronco undermines his claim that he knew 
nothing of the drugs. The jury could have reasonably inferred that if the 
weapons did not belong to Ashworth he would have removed them from the Bronco. 
Finally, Ashworth’s testimony that he had not ever tested positive for drug 
use does not mean that these particular drugs did not belong to him. The jury 
could have believed that Ashworth got caught the very first time he possessed 
methamphetamine.
        The 
bottom line in this case is that the jury could have believed that Ashworth was 
lying about his ownership of the weapons and the drugs. The jury could have 
disbelieved all of the testimony concerning Cassie presented by Ashworth, his 
father, and his uncle. The jury is the sole judge of the credibility of the 
witnesses. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 
1997). We cannot sit as a thirteenth juror, and we must defer to the jury’s 
credibility determinations. Here, the jury could have chosen to not believe the 
contrary evidence presented by Ashworth. See Powell, 112 S.W.3d at 
643-44, 646 (holding evidence factually sufficient to show defendant’s 
possession of firearm found in trunk even though defendant and his wife 
testified that gun and car belonged to defendant’s sister and that defendant 
had borrowed car that afternoon without checking trunk).
        We 
overrule Ashworth’s sole point.
V. Conclusion
        Having 
overruled Ashworth’s sole point, we affirm the trial court’s judgment.
 
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
 
PANEL 
A:   WALKER, J.; WILLIAM BRIGHAM, J. (Senior 
Justice, Retired, Sitting by Assignment); and SAM J. DAY, J. (Retired, Sitting 
by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 10, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.