Rodrick Dale Ashworth v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-230-CR

RODRICK DALE ASHWORTH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury found Appellant Rodrick Dale Ashworth guilty of possession of more than one gram but less than four grams of methamphetamine and assessed his punishment at two years’ confinement probated for five years.  In a single point on appeal, Ashworth challenges the factual sufficiency of the evidence to support his conviction.  We will affirm.

II.  Factual Background

As Hood County Sheriff Deputy Laura Brock patrolled Highway 377, she noticed a Ford Bronco parked on the shoulder of the highway near Cresson. Deputy Brock observed a man walking near the Bronco looking for something. About twenty minutes later, Deputy Brock again passed the Bronco, but did not see the man.  She pulled in behind the Bronco.  The Bronco was running, and Deputy Brock used her spotlight and called out for anyone in the vicinity. Ashworth approached Deputy Brock and told her that he had been searching for a piece of his muffler.  Ashworth offered his driver’s license to Deputy Brock. Deputy Brock testified that Ashworth appeared sweaty and nervous, like someone on some type of drug.

Deputy Brock ran a license check on Ashworth and discovered that two outstanding Department of Public Safety warrants existed for his arrest.  Deputy Brock placed Ashworth under arrest and inventoried the Bronco.  In the Bronco’s unlocked glove box, she found a bank-type bag containing a syringe filled with liquid.  In the Bronco’s console, she found a bank-type bag inscribed with some numbers and the name “Dale” that contained a hemostat and a set of electronic scales.  Just behind the Bronco’s center console, Deputy Brock found a six-cell MagLite-type flashlight.  The battery compartment of the flashlight contained a small baggie holding a yellowish-type, white powdery substance.  The syringe and the baggie of powder were tested and found to be methamphetamine with a total aggregate weight of 1.36 grams.  “Nun-chucks” and a “slapjack” were also found in the Bronco.

Ashworth testified that he did not know anything about the drugs and that they did not belong to him.  He said that the flashlight, the nun-chucks, and the slapjack were not his.  He claimed that three other individuals had driven the Bronco in the month prior to his arrest: Norman Hoover, Cassie Driver Bobo, and his dad, Rodrick Dale Ashworth, Sr.  Ashworth testified that he had not seen the navy, bank-type bag inscribed with “Dale” for over a year. He said he guessed he had left it laying in the console of the Bronco.

Ashworth said that his friend Cassie had borrowed the Bronco recently to travel to her mother’s funeral and had performed work on it.  Ashworth suspected that the drugs were Cassie’s because Cassie’s mother died of a drug overdose a few weeks before this incident and Cassie had used drugs before, although never in Ashworth’s presence.  According to Ashworth, Cassie was a “floater,” staying here and there, and she had left a lot of her “stuff” in his Bronco.  He offered into evidence a letter from the Social Security Administration that Cassie had received at his home.  Ashworth testified that before his arrest Cassie had left town from the Red Barn on Henderson with some guy riding a Harley and that he had been attempting unsuccessfully to locate her for several months. 

Ashworth also testified that he had been on probation before for a nondrug offense and had driven for a trucking company, both of which required him to submit to random urine analysis, and that he had never used drugs or tested positive for drug use.

Mr. Ashworth, Sr. testified that he owned the Bronco, financed the Bronco, and carried insurance on the Bronco.  He testified, however, that his son was making payments on the Bronco and had been driving it for about four months.  The Bronco was his son’s principal source of transportation.  Mr. Ashworth, Sr. testified that, when he picked up the Bronco after it was impounded, it contained women’s and children’s clothing, toys, fireworks, hand tools, a CB radio, music CDs, and a cell phone.  

Ashworth’s uncle, Norman Hoover, testified that he had driven the Bronco twice earlier in the month of this incident and that each time the vehicle was littered with clothing and personal items belonging to Cassie.  Hoover testified that Cassie had borrowed the Bronco from Ashworth and that, when she failed to return it as promised, he drove Ashworth to Arlington to retrieve the Bronco from Cassie.

III.  Standard of Review and Law Concerning Possession

In his sole issue, Ashworth claims that the evidence is factually insufficient to prove that he intentionally or knowingly possessed methamphetamine.  The court of criminal appeals recently clarified the factual sufficiency standard of review we are to apply,

There is only one question to be answered in a factual-sufficiency review:  Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? However, there are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Second, there may be both evidence supporting the verdict and evidence contrary to the verdict. Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a- reasonable-doubt standard could not have been met, so the guilty verdict should not stand. This standard acknowledges that evidence of guilt can "preponderate" in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. Stated another way, evidence supporting guilt can "outweigh" the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

Zuniga v. State
, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) (footnote omitted).

To prove unlawful possession of a controlled substance, the State must show that the defendant (1) exercised care, control, and management over the controlled substance and (2) knew that it was a controlled substance.  
Tex. Health & Safety Code Ann.
 
§ 
481.002(38) (Vernon Supp. 2004); 
see
 
King v. State
, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995);
 
Gant v. State
, 116 S.W.3d 124, 131 (Tex. App.—Tyler 2003, pet. ref’d).  Concerning the knowledge element, without an admission by the accused, knowledge may be inferred from the circumstances.  
Linton v. State
, 15 S.W.3d 615, 618 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d).  Concerning the exercise of care, custody, and control element, proof of the appellant's mere presence in the vicinity of a controlled substance is not enough.  
Gant
, 116 S.W.3d at 131. Rather, the State must prove an affirmative link between the defendant and the drug.  
Id.
 (citing
 McGoldrick v. State
, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985)).  Possession need not be exclusive, however, and a showing of joint possession with another is sufficient
.  Id. 
Whether the possession of the accused is sole or joint, an affirmative link must be established between the accused and the controlled substance by proof of other independent facts and circumstances, and such affirmative link may be established by circumstantial evidence. 
 Id.

Circumstances that may link a defendant to the controlled substance include (1) the defendant was present when the search was executed; (2) the contraband was in plain view; (3) the contraband was in close proximity to or accessible by the defendant; (4) the defendant was under the influence of contraband; (5) the defendant was in possession of other contraband when he was arrested; (6) the defendant made incriminating statements when he was arrested; (7) the defendant attempted to flee; (8) the defendant made furtive gestures; (9) there was an odor of the contraband present at the scene; (10) other contraband or drug paraphernalia were present that were not included in the charge; (11) the defendant owned or had a right to possess the place where the controlled substance was found; (12) the contraband was found in an enclosed place; (13) there was a significant amount of contraband; and (14) the defendant possessed weapons or large amounts of cash.  
Id.
  These affirmative links may be shown by either direct or circumstantial evidence and “must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous.”  
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  The number of affirmative links present is not as important as the degree to which they tend to link the defendant to the controlled substance.  
Gant
, 116 S.W.3d at 131.

IV.  Application of the Law to the Facts

Here, several of the affirmative link factors do not connect Ashworth to the methamphetamine.  The methamphetamine was not in plain view and no odor emanated from it.  Ashworth did not possess contraband on his person when he was arrested.  Ashworth did not make incriminating statements concerning the contraband when he was arrested, he did not attempt to flee or make furtive gestures, there was not a large amount of contraband found, and a large amount of cash was not found.

The factors connecting Ashworth to the methamphetamine, however, include the fact that Ashworth appeared to Deputy Brock to be under the influence of some drug, Ashworth was the sole occupant of and the driver of the Bronco at the time of his arrest, the methamphetamine in the syringe in the glove box was easily accessible to Ashworth, and weapons were found in the Bronco.  Additionally, and perhaps most importantly, the bank bag found in the console containing scales and a hemostat, i.e., other contraband or drug paraphernalia not included in the charge, was embossed with the name “Dale,” Ashworth’s middle name.

An affirmative links analysis is necessarily fact intensive.  
See Lassaint v. State
, 79 S.W.3d 736, 741 (Tex. App.—Corpus Christi 2002, no pet.) (recognizing that question of whether evidence is sufficient to affirmatively link accused to contraband must be answered on a case-by-case basis).  Comparing the facts of this case to other cases where the court of criminal appeals has found the evidence factually sufficient, we conclude that, viewing the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt.  
See Gant, 
116 S.W.3d at 132-33 (explaining that lack of evidence of numerous affirmative link factors did not render evidence factually insufficient); 
Valencia v. State
, 51 S.W.3d 418, 423 (Tex. App.—Houston [1
st
 Dist.] 2001, pet. ref’d) (holding bag in hatchback of car was immediately accessible to defendant driving car for purposes of factual sufficiency affirmative links analysis); 
Harris v. State
, 994 S.W.2d 927, 934 (Tex. App.—Waco 1999, pet. ref’d) (holding evidence factually sufficient to connect defendant to contraband hidden behind glove box even though car belonged to defendant’s mother, other people would occasionally drive his mother's car, and on day prior to his arrest car had been left at a paint and body shop); 
see also Powell v. State
, 112 S.W.3d 642, 643 (Tex. App.—Houston [1
st
 Dist.] 2003, pet. ref’d) (holding evidence factually sufficient to establish defendant’s possession of a firearm found in car’s trunk based on facts similar to the present facts).  Considered by itself, the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt.  
Zuniga
, 2004 WL 840786, at *7.  

Moreover, weighing all the evidence, the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met. 
Id
.  Both Hoover and Mr. Ashworth, Sr. testified that they did not know who the drugs belonged to.  No one offered any explanation as to how someone other than Ashworth would have obtained the bank bag with the name “Dale” on it and placed it in the Bronco’s console, or how Ashworth would have left it in the console for over a year when he had been driving his dad’s Bronco for only about four months.  Ashworth also offered no explanation of his efforts to locate Cassie.  He offered no evidence that anyone besides himself, i.e., an investigator, had attempted to locate her.  Deputy Brock testified that drug users typically do not abandon their drugs, implying that if the drugs belonged to Cassie she would not have left them in someone else’s vehicle.  Additionally, the fact that Ashworth claimed not to have noticed the nun-chucks and the slapjack in plain view in the Bronco undermines his claim that he knew nothing of the drugs.  The jury could have reasonably inferred that if the weapons did not belong to Ashworth he would have removed them from the Bronco.  Finally, Ashworth’s testimony that he had not ever tested positive for drug use does not mean that these particular drugs did not belong to him.  The jury could have believed that Ashworth got caught the very first time he possessed methamphetamine.

The bottom line in this case is that the jury could have believed that Ashworth was lying about his ownership of the weapons and the drugs.  The jury could have disbelieved all of the testimony concerning Cassie presented by Ashworth, his father, and his uncle.  The jury is the sole judge of the credibility of the witnesses.  
Santellan v. State
, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  
We cannot sit as a thirteenth juror, and we must defer to the jury’s credibility determinations.  Here, the jury could have chosen to not believe the contrary evidence presented by Ashworth.  
See Powell
, 112 S.W.3d at 643-44, 646 (holding evidence factually sufficient to show defendant’s possession of firearm found in trunk even though defendant and his wife testified that gun and car belonged to defendant’s sister and that defendant had borrowed car that afternoon without checking trunk).

We overrule Ashworth’s sole point.

V.  Conclusion

Having overruled Ashworth’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: WALKER, J.; WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment); and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 10, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.