# NO. 12-13-00166-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAUL PATE,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Paul Pate appeals his conviction for possession of methamphetamine, for which he was sentenced to imprisonment for seven years. Appellant contends on appeal that the evidence is legally insufficient to establish that he possessed methamphetamine. We affirm.

## BACKGROUND

Appellant was arrested and indicted for possession of a controlled substance, namely, methamphetamine. Appellant pleaded "not guilty," and the matter proceeded to a bench trial. At the trial, Shawn Murry, a patrol sergeant for the Troup Police Department, testified that he was patrolling the city streets in Troup on September 22, 2012. At approximately 2:30 a.m., Sergeant Murry spotted Appellant a block and a half away riding a bicycle in the middle of a city street. It is a violation of a city ordinance for a minor to be out on the city streets after midnight. Because it was after midnight, and the individual was riding a bicycle, Sergeant Murry attempted to stop Appellant to determine if he was a minor in violation of the ordinance.

As Sergeant Murry approached him, Appellant turned down an alleyway in an apparent attempt to evade the officer. Sergeant Murry was able to eventually spot Appellant and then make contact with him. Appellant was in the process of parking his bicycle and attempting to enter his mother's residence when Sergeant Murry stopped him. Sergeant Murry testified that

upon making contact with Appellant, he recognized Appellant and recalled that he arrested him on one or two prior occasions for possession of a controlled substance.

Sergeant Murry testified that, while being questioned, Appellant appeared very nervous, continually checked his pockets, and avoided eye contact. After Sergeant Murry determined that Appellant was not in violation of the city ordinance, he left him but decided to follow the trail through the dew-covered grass where Appellant had ridden his bicycle. Approximately twenty to thirty feet from where he had stopped Appellant, next to some trees, Sergeant Murry spotted a clear plastic baggie that he believed, based on his experience, contained crystal methamphetamine. The baggie was only two to three feet away from the fresh tracks made by the bicycle in the grass. Sergeant Murry immediately returned to stop Appellant before he could enter his mother's residence and placed him under arrest by handcuffing him.

When Appellant questioned Sergeant Murry about why he was being arrested, Sergeant Murry replied that he discovered a baggie with crystal methamphetamine in close proximity to the path he took when riding his bicycle. Appellant accused Sergeant Murry of lying and asked to see the baggie for himself. When Sergeant Murry showed him where the baggie was laying on the ground, Appellant wiggled his way out of Sergeant Murry's control and leaped, landing flat on his back on top of the baggie. Sergeant Murry testified that Appellant, although he was still handcuffed, appeared to be attempting to gain possession of the baggie. Sergeant Murry stated that he was able to pull Appellant off the baggie and regain control of him. Appellant was then taken to jail where he was booked for possession of methamphetamine.

Eloisa Esparaza, a forensic scientist for the Department of Public Safety, testified without objection that the baggie contained 0.09 grams of methamphetamine. The trial court found Appellant guilty of possession of methamphetamine. After a punishment hearing, the court sentenced Appellant to imprisonment for seven years.[1] Appellant timely filed this appeal.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends that the evidence is legally insufficient to support his conviction for possession of methamphetamine.

---

[1] Appellant had two prior state jail felony convictions for debit card or credit card abuse, enhancing the punishment range for this offense to that of a third degree felony. *See* TEX. PENAL CODE ANN. § 12.425 (West Supp. 2013). Appellant entered a plea of "true" to the enhancements.

**Standard of Review**

The only standard the Texas Court of Criminal Appeals applies in determining whether the evidence is sufficient to support a criminal conviction beyond a reasonable doubt is the legal sufficiency standard of review. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Id*. This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 560 (1979). When we are faced with a record of historical facts that support the conflicting inferences, we must presume that the fact finder resolved any such conflicts in favor of the conviction and must defer to that resolution. *Id*. at 326.

**Applicable Law**

A person commits the offense of possession of methamphetamine if the person knowingly or intentionally possesses methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a) (West 2010). The Texas Health and Safety Code defines "possession" as actual care, custody, control or management. *Id*. § 481.002(38) (West Supp. 2013). To prove unlawful possession of a controlled substance, the state must show that the defendant (1) exercised care, control, and management over the controlled substance and (2) knew it was a controlled substance. *Gant v. State*, 116 S.W.3d 124, 131 (Tex. App.–Tyler 2003, pet. ref'd).

Regardless of whether the evidence is direct or circumstantial, it must be established that the defendant's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt. *Id*. at 162. Texas courts have identified a number of links which may, alone or in combination with others, establish a person's possession of contraband, including the following:

3

(1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id*. at n.12.

Links are established by the totality of the circumstances, and no set formula necessitates a finding of a link sufficient to support an inference of knowing possession. **Wright v. State**, 401 S.W.3d 813, 819 (Tex. App.–Houston [14th Dist.] 2013, pet. ref'd). The number of linking factors present is not as important as the logical force they create to prove the crime was committed. **Olivarez v. State**, 171 S.W.3d 283, 291 (Tex. App.–Houston [14th Dist.] 2005, no pet.).

**Discussion**

Appellant contends that the evidence is insufficient to show that he possessed the methamphetamine. However, a number of links and other circumstances with logical force are present here to sufficiently prove that Appellant intentionally or knowingly possessed methamphetamine.

Sergeant Murry testified that Appellant appeared to be attempting to evade him when he was first sighted. Further, before Sergeant Murry found the methamphetamine, Appellant was nervous and continually checking his pockets. Appellant was within twenty to thirty feet of where the methamphetamine was found at approximately 2:30 a.m. No other individuals were around at the time. The methamphetamine was only a few feet from Appellant's bicycle path through the morning dew. Additionally, the methamphetamine was found at a location where Appellant could be sure the officer was unable to observe him disposing of it. Once Sergeant Murry told Appellant he discovered a baggie of methamphetamine, Appellant accused Sergeant Murry of lying and wanted to see the baggie for himself. When confronted with the baggie laying on the ground, Appellant attempted to regain possession of it.

4

This evidence, viewed in the light most favorable to the verdict, is sufficient to prove Appellant had intentionally or knowingly possessed methamphetamine. *See Jackson*, 443 U.S. at 314, 319, 326.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 8, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 8, 2013**

**NO. 12-13-00166-CR**

**PAUL PATE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1496-12)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*