Melvin Danyeal POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00741–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 26, 2003.

Henry L. Burkholder III, Jay T. Karahan, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty.—Harris County, and Julie Klibert, Asst. Dist. Atty., William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for State.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Melvin Danyeal Powell, of possession of a firearm by a felon, and the trial court assessed punishment at two years in prison. We determine whether the evidence was legally and factually sufficient to show that appellant knowingly possessed the firearm. We affirm.

### Facts

At about 1:00 a.m. on November 17, 2002, Houston Police Department ("HPD") Officer Sightsinger noticed a suspicious car parked in a car wash. After HPD Officer Newman arrived a few minutes later, the officers approached the car. They noticed appellant lying in the driver's seat and another man lying in the passenger's seat. Both of the two occupants were extremely intoxicated. The officers arrested the men for public intoxication. While conducting an inventory of the car, Officer Sightsinger found a shotgun and three shotgun shell rounds in the car's trunk. When Officer Newman asked Officer Sightsinger to determine whether the shotgun was stolen, appellant told the officers that the shotgun was not stolen, that he had bought it from a friend, and that the recovered bullets did not fit the gun's chamber.

In contrast, at trial, appellant testified that he had not been intoxicated and did not make the statement to the officers

about the shotgun and the bullets. Appellant and his wife testified that appellant's sister owned both the car and the shotgun; that, when they had borrowed the car on the afternoon before appellant was arrested, they did not check it for weapons or know that a shotgun was in the trunk; and that appellant did not own any weapons. Officer Newman checked the car's registration, which showed ownership in a woman's name, not in appellant's.

### Sufficiency of the Evidence

In four points of error, appellant contends that the evidence was legally and factually insufficient to prove that he knowingly possessed the shotgun, specifically, to show that he (1) exercised care, custody, or control over the shotgun or (2) possessed the shotgun long enough to have permitted him to terminate his control over it.

### 1. The Standard of Review

■ In our legal-sufficiency review, we view the evidence in the light most favorable to the verdict and ask whether any rational fact finder could have found the crime's essential elements beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). In our factual-sufficiency review, we examine all of the evidence neutrally and ask whether proof of guilt is so obviously weak as to undermine confidence in the jury's determination or so greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *See Zuliani v. State*, 97 S.W.3d 589, 593–94 (Tex.Crim. App.2003). We must consider the most important evidence that the appellant claims undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603–04 (Tex. Crim.App.2003). The factfinder is the sole judge of the weight and credibility of witness testimony. *Johnson*, 23 S.W.3d at 7.

### 2. The Law

The indictment alleged that appellant had committed the offense of possession of a firearm by a felon pursuant to Penal Code section 46.04(a)(1). *See* Tex. Pen. Code Ann. § 46.04(a)(1) (Vernon 2003). Accordingly, to establish that appellant unlawfully possessed a firearm, the State had to prove that appellant (1) had been convicted of a felony offense and (2) possessed the firearm within the five-year anniversary of his release either from confinement following conviction or from supervision under community supervision, parole, or mandatory supervision, whichever date was later. *See id.; Hawkins v. State*, 89 S.W.3d 674, 677 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Appellant stipulated to all elements of the offense except for possession.

■ " 'Possession' means actual care, custody, control, or management." *See* Tex. Pen.Code Ann. § 1.07(a)(39) (Vernon 2003). A person commits a possession offense only if he voluntarily possesses the prohibited item. *See id.* § 6.01(a) (Vernon 2003). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b). When a defendant's possession of contraband is not exclusive, the State may prove knowing possession by evidence affirmatively linking the defendant to the contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995); *Hawkins*, 89 S.W.3d at 677 (applying same to offense of possession of firearm by felon). An affirmative link may be established through direct or circumstantial evidence. *Brown*, 911 S.W.2d at 747. Some nonexhaustive factors that may affect the determination of an affirmative link include whether the contraband was (1) in a car

driven by the accused, (2) in a place owned by the accused, (3) conveniently accessible to the accused, (4) in plain view, or (5) found in an enclosed space. *Corpus v. State,* 30 S.W.3d 35, 38 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd.); *Gilbert v. State,* 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd.). Courts have also considered an accused's affirmative statement connecting him to the contraband. *See Gilbert,* 874 S.W.2d at 298.

### 3. The Sufficiency of the Evidence Showing that Appellant Exercised Care, Custody, Control, or Management Over the Shotgun

■ In points of error one and two, appellant argues that the evidence is legally and factually insufficient to show that he knowingly possessed the shotgun because there was no or insufficient evidence that he exercised care, custody, or control over it.[1] *See* TEX. PEN.CODE ANN. §§ 1.07(a)(39), 6.01(a), (b).

■ The evidence viewed in the light most favorable to the verdict shows that appellant was the driver of the vehicle in which the shotgun was found. When the officers were discussing whether the shotgun was stolen, appellant volunteered information about the shotgun, rather than expressing surprise that the officers had found a shotgun in the trunk in the first place.[2] Moreover, appellant admitted that he had purchased the shotgun from a friend, and, although the shotgun and bullets were in the trunk, that he knew that the bullets would not fit into the shotgun's chamber. A rational jury could have concluded that this evidence affirmatively linked appellant to the shotgun and thus showed circumstantially that he knowingly obtained or received the shotgun, *i.e.,* that he knowingly exercised care, custody, control, or management over it. *See* TEX. PEN. CODE ANN. §§ 1.07(a)(39), 6.01(b); *Gilbert,* 874 S.W.2d at 298 (listing among factors possibly linking accused to contraband that

1. Appellant's first and second points of error omit the "management" aspect of possession, even though the statute includes and the jury charge included management as one way of showing possession. When the jury renders a general verdict of guilt after having been charged on multiple ways of committing a single offense, we generally may not reverse the conviction unless the appellant challenges each alternative for committing the offense on which the jury was charged. *See Henderson v. State,* 77 S.W.3d 321, 327 (Tex.App.-Fort Worth 2002, no pet.); *see also Willover v. State,* No. 01–98–01066–CR, slip op. at 13–14, 2002 WL 1822353 (Tex. App.-Houston [1st Dist.] Aug. 8, 2002, pet. ref'd) (op. on remand). Here, however, we construe appellant's challenge as attacking his *mens rea, i.e.,* whether he *"knowingly* obtain[ed] or receive[d] the thing possessed" under section 6.01(b), rather than simply that he did not exercise care, custody, control, or management generally. *See* TEX. PEN.CODE ANN. § 6.01(b) (Vernon 2003) (emphasis added). Therefore, we do not deem fatal to appellant's challenge his omitting the "management" as-

pect of possession from these two points of error.

2. Appellant argues that his statement to the officers about the gun and bullets demonstrated only that "he was familiar with" the shotgun and that his having bought the shotgun at an unspecified time in the past could not raise an inference either that he knew that the shotgun was in the trunk or that he exercised control over it at that time. Therefore, appellant concludes that his statement to the officers was not inconsistent with his defense at trial that the shotgun was his sister's. Appellant's view is just one way of interpreting his statement and viewing the evidence. Another way to view the evidence—especially given appellant's familiarity with the weapon and the type of bullets needed for it despite its being in the trunk, his being the car's driver, and his admitting that he had purchased the gun—is that the shotgun was temporarily or permanently his, not his sister's, or that he knew that the gun and bullets were in the trunk.

accused drove vehicle in which contraband was found or made affirmative statements connecting self to contraband). Therefore, we hold that the evidence is legally sufficient to show knowing possession.

We overrule point of error one.

■ To support his claim that the evidence is factually insufficient to show that he possessed the shotgun knowingly, appellant relies on the undisputed facts that he did not own the vehicle and that he was never seen directly exercising control over the shotgun. We cannot say that this evidence greatly outweighs the contrary evidence set out above or makes the verdict manifestly unjust. Additionally, the fact that a person other than the accused owns the vehicle in which both the accused and the contraband are found does not necessarily preclude the accused from being a or the possessor of the contraband. *See Villegas v. State*, 871 S.W.2d 894, 896 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) ("The control over the contraband need not be exclusive, but can be jointly exercised by more than one person. When the accused is not in exclusive control of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband.") (citation omitted). Finally, possession could be shown circumstantially and did not have to be demonstrated by evidence that appellant exercised direct care, custody, control, or management over the shotgun. *See Brown,* 911 S.W.2d at 747. Therefore, we hold that the evidence is factually sufficient to show knowing possession.

We overrule point of error two.

### 4. The Sufficiency of the Evidence Showing that Appellant Controlled the Shotgun Long Enough to Have Terminated His Control Over It

In points of error three and four, appellant argues that the evidence is legally and factually insufficient to show that he knowingly possessed the shotgun because there was no evidence that appellant had control over the shotgun long enough to have terminated his control over it. *See* TEX. PEN. CODE ANN. § 6.01(b).

■ Section 6.01(b) allows the State to prove knowing possession by showing *either* that an accused knowingly obtained or received the item *or* that he controlled the item long enough to terminate his control over it. *See id.* § 6.01(b). The jury charge instructed similarly, tracking the disjunctive language of section 6.01(b). We have already held that there was legally and factually sufficient evidence that appellant knowingly obtained or received the shotgun, *i.e.,* that he knowingly exercised care, custody, control, or management over the shotgun. *See id.* §§ 1.07(a)(39), 6.01(b). Therefore, whether the State also produced sufficient evidence of the alternate means to show knowing possession under section 6.01(b)-sufficient length of control-would not have affected the verdict and is thus immaterial. *See Rabbani v. State,* 847 S.W.2d 555, 558 (Tex.Crim.App.1992) ("[W]hen the jury returns a general verdict and the evidence is sufficient to support a guilty finding under any of the allegations submitted, the verdict will be upheld.").

Accordingly, we need not address points of error three and four.

### Conclusion

We affirm the judgment of the trial court.