Opinion issued February 10, 2005










                                              
In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00110-CR




HENRY ALLEN HOLMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
 Harris County, Texas
                                         Trial Court Cause No. 944929




MEMORANDUM OPINION

          A jury found appellant, Henry Allen Holman, guilty of possession of between
four and 200 grams of cocaine with intent to deliver and, after he had pleaded true to
two enhancement paragraphs for felony possession of controlled substances, assessed
his punishment at 30 years in prison. See Tex. Health & Safety Code Ann. §§
481.102(3)(D), 481.112(a), (d) (Vernon 2003). We determine (1) whether the
evidence was legally and factually sufficient to link appellant affirmatively to the
cocaine and to show that he knowingly possessed it and (2) whether the trial court
reversibly erred in sustaining the State’s objection to one portion of appellant’s
closing argument. We affirm.
Sufficiency of the Evidence
          In his first six issues, appellant challenges the legal and factual sufficiency of
the evidence showing that he knowingly possessed the cocaine. Specifically,
appellant argues that there was no or insufficient evidence affirmatively linking him
to the cocaine and that there was no or insufficient evidence that he knowingly
possessed the cocaine.
A.      Standard of Review
          In conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict and ask whether any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). 
 
          In reviewing a factual-sufficiency challenge, we ask “whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” Id. at 11. The factual-sufficiency standard “acknowledges that evidence of
guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt.” Zuniga v. State, 144 S.W.3d 477,
485 (Tex. Crim. App. 2004). The appellate court should not substitute its own
judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim.
App. 1996). The fact finder is entitled to believe all, some, or none of any witness’s
testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
B.      The Law
          A person commits the offense for which appellant was convicted if he
knowingly or intentionally possesses cocaine with intent to deliver it. Tex. Health
& Safety Code Ann. §§ 481.112(a) & 481.102(3)(D). Appellant challenges only
the possession and mens rea elements of his conviction. “‘Possession’ means actual
care, custody, control, or management.” Id. § 481.002(38) (Vernon 2003); see Tex.
Pen. Code Ann. § 1.07(a)(39) (Vernon 2003). Accordingly, to convict an accused
of possession of a controlled substance, the State must prove that (1) the accused
exercised care, custody, control, or management over the contraband and (2) he knew
that what he possessed was contraband. See Tex. Health & Safety Code Ann. §§
481.002(38), 481.112(a); Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d).
          “A person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or desire to
engage in the conduct or cause the result.” Tex. Pen. Code Ann. § 6.03(a) (Vernon
2003). “A person acts knowingly, or with knowledge, with respect to the nature of
his conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist.” Id. § 6.03(b) (Vernon 2003). 
“A person commits an offense only if he voluntarily engages in conduct, including
an act, an omission, or possession.” Tex. Pen. Code Ann. § 6.01(a) (Vernon 2003). 
“Possession is a voluntary act if the possessor knowingly obtains or receives the thing
possessed or is aware of his control of the thing for a sufficient time to permit him to
terminate his control.” Id. § 6.01(b).
          When a defendant’s possession of contraband is not exclusive, the State may
prove knowing possession by evidence affirmatively linking the defendant to the
contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). An
affirmative link may be established through direct or circumstantial evidence. Id. 
Although courts have identified many non-exhaustive factors that may constitute
affirmative links between an accused and contraband,


 the number of factors is not
as important as the degree to which they, alone or together, tend affirmatively to link
the accused to the contraband. Hurtado v. State, 881 S.W.2d 738, 743 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). 
C.      Application of the Law to the Facts
          1.       Legal Sufficiency of Evidence Showing Knowledge and Possession
          In his first and third issues, appellant argues that the evidence is legally
insufficient to link him affirmatively to the cocaine and to show that he knew that he
possessed cocaine.
          Following is the evidence, viewed in the light most favorable to the verdict,
showing appellant’s knowing and voluntary possession of the cocaine. See Tex. Pen.
Code Ann. § 6.01(b). Narcotics Officer D. Fuller was working undercover in an
unmarked car on the night of appellant’s arrest. The officer observed a white male
use a pay phone, walk to the parking lot of a closed convenience store, and pace, as
if waiting. The man’s actions made Officer Fuller suspect that the man was waiting
to purchase drugs. About five minutes later, a gold truck drove into the parking lot. 
Appellant was riding in the truck’s front passenger seat. The white male walked
directly to the truck’s front passenger side. Appellant appeared to hand something
to the male, and the male appeared to hand money to appellant. Officer Fuller
believed that he had witnessed a drug transaction between the white male and
appellant. The truck drove away, with Officer Fuller pursuing. 
          Officer Fuller radioed Officer S. Kwiatkowski, his undercover narcotics
partner, and Officer R.L. Richards, who was acting as back-up to the undercover
officers, to advise that he had witnessed a narcotics transaction. Officer Fuller also
advised Officer Richards that he had witnessed the truck commit a traffic violation. 
Officer Richards, who was driving a marked police vehicle and was wearing a
uniform, signaled for the truck to stop. Because the truck took a long time to stop,
Officer Richards suspected that “something might be going on inside the vehicle.” 
When he reached the vehicle, Officer Richards saw appellant reaching down towards
the front floorboard area, although the officer did not see anything in appellant’s
hands. Appellant was fidgeting and appeared “very nervous”; in contrast, the driver
did not appear nervous or excited. 
          As soon as Officer Richards had turned on his overhead lights, Officer Fuller,
who was driving somewhere behind the truck, saw the passenger extend his arm out
of the window and drop an object. Officer Fuller retrieved the object, which was a
candy box containing about 4.7 grams of crack cocaine rocks. After the truck had
stopped, Officers Fuller and Kwiatkowski saw the passenger toss the contents of a
second container out of the same window. Officer Fuller retrieved the contents,
which were about 4.3 grams of crack cocaine rocks. The officers later retrieved
another candy box, which contained cocaine residue and which matched the color of
the container whose contents appellant had discarded, from the passenger-side
floorboard of the truck. Officer Fuller testified that he had seen crack cocaine
packaged in candy containers before.
          Officer Fuller never saw the passenger and driver switch places in the car, and
he had the car in his sight most of the time. Officer Fuller also testified that there was
“no way” that the driver could have reached over to the passenger side far enough to
have extended his arm from that side; Officer Kwiatkowski concurred that the arm
that he saw extend from the truck had to have been appellant’s and that it would have
been “virtually impossible” for the driver to have extended his arm out that window
in that way. The officer did not see the cocaine fly out of the passenger window in
such a way as to have been thrown by anyone other than the passenger. Officer Fuller
had no doubts that appellant was sitting in the passenger seat during the sale; neither
did he doubt who had possessed the cocaine.
          We hold that this is some evidence that a rational trier of fact could have
believed showed, beyond a reasonable doubt, both that appellant knowingly obtained
or received the cocaine and that he could be affirmatively linked to the cocaine. See
Tex. Pen. Code Ann. § 6.01(b) (“Possession is a voluntary act if the possessor
knowingly obtains or receives the thing possessed . . . .”); Brown, 911 S.W.2d at 747
(requiring evidence affirmatively linking accused to contraband when accused’s
possession is not exclusive). That is, the above is some evidence showing that
appellant knowingly exercised care, custody, control, or management over the
cocaine. See Tex. Health & Safety Code Ann. § 481.002(38). Accordingly, we
further hold that the evidence was legally sufficient to show knowing and voluntary
possession.
          We overrule appellant’s first and third issues.
          2.       Factual Sufficiency of Evidence Showing Knowledge and Possession
          In his second and fourth issues, appellant argues that the evidence is factually
insufficient to link him affirmatively to the cocaine and to show that he knew that he
possessed cocaine.
          In support of his factual-sufficiency challenges, appellant relies on the same
evidence and arguments that he raised in his legal-sufficiency challenges, rather than
pointing to evidence weighing against the jury’s verdict.


 Accordingly, despite his
use of the term “great weight and preponderance of the evidence” in his brief,
appellant’s challenges are really arguments that “the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination,” rather than arguments
that contrary proof greatly outweighs the evidence supporting the verdict. See
Johnson, 23 S.W.3d at 11. 
          After reviewing the evidence discussed above relating to knowledge and
possession, we hold that the evidence supporting the jury’s implicit determination that
appellant knowingly obtained or received the cocaine, and that he could be
affirmatively linked to it, is not so obviously weak as to undermine confidence in the
verdict. See Tex. Pen. Code Ann. § 6.01(b); Brown, 911 S.W.2d at 747. That is, the
evidence supporting the jury’s implicit determination that appellant knowingly
exercised care, custody, control, or management over the cocaine was factually
sufficient. See Tex. Health & Safety Code Ann. § 481.002(38). 
          We overrule appellant’s second and fourth issues.
 
          3.       Alternative Arguments
          In his fifth and sixth issues, appellant asserts that the evidence was legally and
factually insufficient to show that he possessed the cocaine voluntarily because 
nothing showed that he had had control over the cocaine long enough to have
terminated his control over it. See Tex. Pen. Code Ann. § 6.01(b) (“Possession is
a voluntary act if the possessor . . . is aware of his control of the thing for a sufficient
time to permit him to terminate his control.”). We need not reach these issues. 
“Section 6.01(b) allows the State to prove knowing possession by showing either that
an accused knowingly obtained or received the item or that he controlled the item
long enough to terminate his control over it.” Powell v. State, 112 S.W.3d 642, 646
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). The jury charge tracked the
disjunctive language of section 6.01(b). We have already held that the evidence was
legally and factually sufficient to show that appellant knowingly obtained or received
the cocaine, i.e., that he knowingly exercised care, custody, control, or management
over the cocaine. See Tex. Health & Safety Code Ann. § 481.002(38); Tex. Pen.
Code Ann. § 6.01(b). Accordingly, “whether the State also produced sufficient
evidence of the alternate means to show knowing possession under [the latter portion
of] section 6.01(b)—sufficient length of control—would not have affected the verdict
and is thus immaterial.” Powell, 112 S.W.3d at 646 (citing Rabbani v. State, 847
S.W.2d 555, 558 (Tex. Crim. App. 1992) (“[W]hen the jury returns a general verdict
and the evidence is sufficient to support a guilty finding under any of the allegations
submitted, the verdict will be upheld.”)).
Closing Argument
          In his seventh issue, appellant argues that the trial court erred in sustaining the
State’s objection to the following closing argument:
Defense counsel:[Officer Richards] tells us that [the driver] is very
calm, very collected. He tells us that the passenger,
Mr. Holman, is nervous and upset. I would submit to
you that the passenger [sic] is calm because the
passenger [sic] has just gotten rid of drugs on the
passenger side window. He has just taken the drugs
and didn’t implicate himself. He knows to be calm. 
 He knows that he can pull this off—
 
State:I’m going to object, Your Honor. This is improper
argument. She’s impeaching a witness that hasn’t
testified.
 
Court:Sustained.
 
Defense counsel:The passenger is nervous because he’s seen the
drugs go out of the window. The passenger is
nervous because he can’t exit the vehicle. He’s
being surrounded by policemen and the drugs have
gone out the passenger window.

          Assuming without deciding that the trial court erred in sustaining the State’s
objection, we hold that any error was harmless under either harm standard. See Tex.
R. App. P. 44.2(a), (b). The argument that appellant made before the complained-of
ruling presented his theory to the jury, and the trial court did not instruct the jury to
disregard that argument. See Wiltz v. State, 827 S.W.2d 372, 374 (Tex.
App.—Houston [1st Dist.] 1992) (under harm standard akin to that of Rule of
Appellate Procedure 44.2(a), holding that error in sustaining State’s objection to
closing argument was harmless because trial court did not instruct jury to disregard
argument), rev’d on other grounds, 863 S.W.2d 463 (Tex. Crim. App. 1993); Drake
v. State, 860 S.W.2d 182, 186 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d)
(similar holding). Furthermore, appellant thoroughly argued to the jury that the
officers’ testimony about who had thrown the cocaine from the truck should not be
believed, i.e., that the driver could instead have been the one who had thrown it out.


 
See Culton v. State, 95 S.W.3d 401, 406-07 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d) (holding that error in sustaining State’s objection to appellant’s closing
argument was cured because appellant made essentially same argument later without
objection); Rische v. State, 746 S.W.2d 287, 291 (Tex. App.—Houston [1st Dist.]
1988, no pet.) (similar holding; also noting that court did not instruct jury to disregard
defense argument). Therefore, even if the constitutional-harm standard applies, any
error was harmless beyond a reasonable doubt. See Tex. R. App. P. 44.2(a).
          We overrule appellant’s seventh issue.
Conclusion
          We affirm the judgment of the trial court.



                                                                        Tim Taft
                                                                        Justice
 
Panel Consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).