Opinion issued June 2, 2005












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00973-CR




ALBERT RAY JONES, Appellant

V.

STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
 Harris County, Texas
Trial Court Cause No. 986877




MEMORANDUM OPINION
          Appellant, Albert Ray Jones, was charged by indictment with the felony
offense of felon in possession of a firearm, with two enhancements. A jury found
appellant guilty as charged, found the enhancements to be true, and assessed
punishment at confinement for 25 years. On appeal, appellant challenges the legal
and factual sufficiency of the evidence to support the verdict. We affirm.
Facts
          On May 6, 2004, at approximately 2:00 a.m., Houston Police Officers
Turrentine and Duron were on patrol near Lockwood Avenue when they saw a car
stopped in the middle of a side street blocking both lanes of traffic and a woman
leaning inside the passenger door of the car. Because the area was known for
prostitution, the officers approached the car. The woman jumped in the car, which
then drove away. The officers followed, activated their emergency lights, and
stopped the car. Appellant and the woman said that they did not know each other. 
Duron arrested the woman for possession of a controlled substance and placed her in
the back seat of the patrol car. Turrentine asked the driver, appellant, for
identification. When Turrentine ran appellant’s identification, he discovered that
appellant had three city warrants for unpaid traffic tickets. Turrentine then arrested
appellant, handcuffed him, and placed him in the backseat of the patrol car. 
Turrentine sat in the patrol car with appellant and the woman. Turrentine testified
that he did not recall appellant’s being on a cell phone at any time during the arrest,
but he was certain that appellant’s hands were cuffed behind appellant while
appellant was sitting in the back seat of the patrol car.
          Duron testified that he inventoried appellant’s car and found a pill bottle with
six 9-millimeter bullets, one of which was a hollow point bullet, in the front center
console area. Duron then asked appellant whether he had any guns in the car, and
appellant said that he did not. When Duron went to the back of the car to search the
trunk, appellant told Turrentine that there was a loaded shotgun in the trunk. Duron
searched the trunk and found the shotgun, a Crown Royal bag filled with shotgun
shells, some loose shells, and two other stocks for the shotgun. The shotgun was
loaded with eight rounds of ammunition, which were removed by Turrentine. Duron
testified that he did not recall that appellant was on a cell phone during the arrest. He
also testified that it is possible for a person to take or make a cell phone call while
handcuffed. The trial court admitted defendant’s exhibit 8, the Houston Police
Department’s inventory of appellant’s property, which listed two cell phones. 
          Appellant’s girlfriend, Felicia Howard, testified that she had bought a shotgun
on May 5 and that appellant had shown her how to load it. She further testified that
she had used appellant’s car that day and had left the shotgun in the trunk of the car. 
She said that, because she had not heard from him by 1:00 a.m. on May 6, she called
appellant on his cell phone, and he told her that he was under arrest for driving with
a suspended license. She testified that she then told him she had left her shotgun in
the trunk of his car. She further testified that she heard him repeat this information
to the officer. She said that appellant explained to her that he was handcuffed to the
door and was standing there talking to her. She testified that she talked to him the
whole time he was being arrested. The trial court admitted Howard’s telephone
records into evidence. These records, according to Howard, show that Howard called
appellant’s cell phone number five times between 1:32 a.m. and 3:36 a.m. on May 6,
2004. Howard testified that appellant did not answer his cell phone when she called
at 1:32, 3:15, or 3:36 a.m. On cross-examination, Howard admitted that the only call
from her that was shown on appellant’s incoming call log for May 6, 2004 was at
3:17 a.m. 
Standard of Review
          In reviewing the evidence for legal sufficiency, we view the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
          When reviewing the evidence for factual sufficiency, we must view all the
evidence in a neutral light and may set aside the verdict only if the evidence is so
weak that the verdict is clearly wrong and manifestly unjust or the contrary evidence
is so strong that the “beyond a reasonable doubt” standard of proof could not have
been met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). 
           Under both legal and factual sufficiency, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses’
testimony. Jaggers v. State, 125 S.W.3d 661, 672 (Tex App.—Houston [1st Dist.]
2003, pet. ref’d). The jury may believe all, some, or none of any witness’s testimony. 
See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating that jury
“could choose to believe or not believe the witnesses, or any portion of their
testimony”). This standard of review applies to both direct and circumstantial
evidence cases. King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). 
Analysis 
          In his sole issue, appellant contends that the evidence was legally and factually
insufficient to support his conviction. Appellant argues that the evidence “clearly
showed” that the owner of the shotgun was Felicia Howard and that appellant did not
know that the shotgun was in the trunk of his car. Thus, appellant challenges the 
sufficiency of the evidence to establish the “knowingly” element of the offense. 
          For the offense of felon in possession of a firearm, the State must prove that the
accused had possession of the firearm. The Texas Penal Code provides, in pertinent
part: 
(a) A person who has been convicted of a felony commits an
offense if he possesses a firearm: 
 
(1) after conviction and before the fifth anniversary of the
person’s release from confinement following conviction of the
felony or the person’s release from supervision under community
supervision, parole, or mandatory supervision, whichever date is
later . . . . 

Tex. Pen. Code Ann. § 46.04(a)(1) (Vernon Supp. 2004-2005). 
          To establish unlawful possession of a firearm by a felon, the State must show
that the accused is a convicted felon who, within five years of his release from
confinement or from community supervision, knowingly and voluntarily possessed 
a firearm. Powell v. State, 112 S.W.3d 642, 644 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d). The State may prove knowing possession by establishing an
affirmative link between the accused and the firearm, either by direct or
circumstantial evidence. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995). Some circumstantial factors include whether the contraband was (1) in a car
driven by the accused, (2) in a place owned by the accused, (3) conveniently
accessible to the accused, (4) in plain view, or (5) found in an enclosed space. 
Powell, 112 S.W.3d at 644–45. 
             In this case, viewed in the light most favorable to the verdict, the evidence 
shows that the shotgun was found in the trunk of appellant’s car; the shotgun was
fully loaded, additional shells were in a Crown Royal bag, and some shells were loose
in the trunk; and appellant first denied having a gun, then admitted that he did when
it was obvious that an officer would inventory the trunk of his car. Appellant’s
girlfriend testified that appellant had shown her how to load the shotgun. She also
testified that she had never seen the Crown Royal bag containing shotgun shells
before the day of the trial. These facts are legally sufficient to affirmatively link
appellant to the firearm. 
          Appellant also claims that the evidence is factually insufficient to support his
conviction. Viewed in a neutral light, the evidence shows that Howard testified that
she was the owner of the shotgun and placed it in appellant’s car trunk; that she
talked to appellant on his cell phone during his arrest to tell him about the shotgun; 
and that she heard appellant tell the arresting officers that her shotgun was in his
trunk. She produced her telephone records as evidence that she made the calls to
appellant. However, the State presented controverting evidence that appellant’s cell
phone received only one call from Howard on the morning in question, a call that was
received on appellant’s phone at 3:17 a.m. and that was not reflected in Howard’s
telephone records, according to Howard’s interpretation of those records. 
          The jury was entitled to believe the testimony of the arresting officers and to
disbelieve, in whole or in part, Howard’s testimony. See Sharp, 707 S.W.2d at 614. 
We do not find evidence in the record that greatly outweighs the evidence supporting
the trial court's judgment, nor is the contrary evidence so strong that the jury could
not find appellant guilty beyond a reasonable doubt. 
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgment. 
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).