**Opinion issued June 18, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00695-CR

_____

**JOSHUA RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1317337**

---

## MEMORANDUM OPINION

A Harris County grand jury indicted Joshua Rodriguez with the first-degree felony offense of possession with intent to deliver cocaine, weighing more than four grams and less than 200 grams, enhanced by a prior felony conviction. TEX.

HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010); TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2012). Rodriguez pleaded not guilty and proceeded to trial before a jury. After hearing the evidence, the jury found Rodriguez guilty and found the enhancement paragraph true. It assessed his punishment at forty years' confinement. On appeal, Rodriguez challenges the sufficiency of the evidence to support the jury's finding of guilt. We conclude that the evidence is sufficient and therefore affirm.

## Background

In the summer of 2011, Deputy C. Green of the Harris County Constable's Office belonged to a seven-member patrol squad assigned to the Spring Branch area of Houston. In early August, Deputy Green stopped an extended-cab pickup because of a broken tail light. The driver, Joshua Rodriguez, did not have his driver's license or proof of insurance. Deputy Green gave Rodriguez a verbal warning and then let him go.

About two weeks later, Deputy Green was patrolling again. He observed an extended-cab pickup make multiple lane changes without signaling. He directed the driver to the side of the road and began to walk toward the back of the truck. Deputy Green could not see through the back window as he approached because the truck had a camper top over the bed. When he saw Rodriguez through the

window, Deputy Green recognized him and the truck from the stop in early August. This time, Rodriguez had a passenger, Juan Arellano-Zepeda.

Rodriguez again failed to produce a driver's license. Deputy Green arrested Rodriguez because Rodriguez had failed to heed Green's prior warning. Deputy Green handcuffed Rodriguez and placed him in the back seat of the patrol car.

In the meantime, one of Green's squad members, Deputy C. Marroquin, arrived at the scene. He questioned Arellano-Zepeda, Rodriguez's passenger, and arrested him for possession of a fraudulent immigration document. While conducting a pat-down, Deputy Marroquin discovered a small metal key holder in Arellano-Zepeda's pocket. The holder contained small pieces of crack cocaine.

At the outset, Rodriguez seemed a bit nervous to Deputy Green, but he became unusually nervous when Green began to take an inventory of the truck's contents. Deputy Green explained that the inventory search was part of standard procedure. Because the officers took both the driver and the passenger into custody, they planned to request a tow truck to remove the pickup from the scene.

As Deputy Green began to fill out the tow slip, Rodriguez protested that he had not given his permission for anyone to search the car. Deputy Green, a drug recognition expert, noticed a MacDonald's bag underneath the console between the front seats. Inside the bag, he found a small shoebox labeled for infant-size sneakers. On opening the shoebox, Deputy Green found an approximately seventy-

3

six-gram brick of compressed white powder that field-tested positive for cocaine; a pill bottle full of lidocaine, a substance commonly used to cut cocaine; and a razor blade covered with tape. Deputy Green peeled the tape and found cocaine residue on the blade. Deputy Green's inventory search also produced a small set of digital scales; another pill bottle full of lidocaine; and a package of 1-½-inch square, sealable plastic bags, a type commonly used to distribute small amounts of cocaine. Deputy Marroquin checked the inventoried items into the evidence locker.

After securing the area, Deputy Green called for Deputy B. Adams, a K-9 unit dog handler, to conduct a supplemental search in order to confirm their suspicion that the truck contained narcotics. The dog alerted on the front seat console area where Deputy Green found the cocaine and again on the backseat. Deputy Marroquin searched the backseat again and found a small, zebra-print makeup bag that they had not found in the initial inspection. He pulled open the zipper to reveal small plastic bags, emblazoned with a Batman logo, which contained crack cocaine. The makeup bag also contained small blue carisoprodol pills (a narcotic prescribed as a muscle relaxant), marijuana, and coffee grounds, which narcotics traffickers commonly use in an attempt to throw off the dog's positive alert.

Deputy C. Davis arrived at the scene and assisted Deputy Marroquin in questioning Rodriguez. Rodriguez repeated his protest that he hadn't given

permission to search the truck. He told Deputy Marroquin that the truck belonged to his sister. After Rodriguez received his *Miranda* warnings, he denied knowing anything about the drugs and said that they did not belong to him.

**Sufficiency of Possession Evidence**

## I.    *Standard of Review*

We review both legal and factual sufficiency challenges under the same standard of review. *Brooks v. State*, 323 S.W.3d 893, 912–13, 924–28 (Tex. Crim. App. 2010). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact-finder could have found each essential element of the charged offense proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). In applying the *Jackson* standard, we remain cognizant that "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (quoting *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam). We therefore defer to the jury's authority to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, and we presume that the jury resolved any conflicts in the evidence in favor of the verdict, provided that the resolution is rational. *See Jackson*, 443 U.S. at 318–19,

326, 99 S. Ct. at 2788–89, 2793; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court determines whether the jury's necessary inferences are reasonable based upon the combined and cumulative force of all the evidence, when viewed in the light most favorable to the verdict. *See Clayton*, 235 S.W.3d at 778 (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* (citing *Hooper*, 214 S.W.3d at 13).

## II.    *Possession of Cocaine with Intent to Deliver*

A person commits the offense of possession with intent to deliver a controlled substance if he knowingly possesses, with an intent to deliver it, a controlled substance listed in Penalty Group One, a group that includes cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (f), 481.102(3)(D) (West 2010) (listing cocaine in Penalty Group 1). To obtain a conviction, the State must prove that the defendant (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. *Id.* §§ 481.002(38), 481.112(a); *Peña v. State*, 251 S.W.3d 601, 606 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Possession is voluntary "if the

6

possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." TEX. PENAL CODE ANN. § 6.01(b) (West 2011).

When a defendant does not exclusively possess the drug, then additional, independent facts and circumstances must link the defendant to the contraband in a way that one reasonably can conclude that he had knowledge of the contraband and exercised control over it. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.— Houston [1st Dist.] 2002, pet. ref'd). Among the links that may support a jury's finding of knowing possession are: (1) the defendant's presence during the search; (2) whether the substance was in plain view; (3) the defendant's proximity to and the accessibility of the substance; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the substance was found; (12) whether the place where the substance was found was enclosed; (13) whether the defendant was found with a large amount of

cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).

Not all of these factors must be proved; rather, we review the cumulative logical force these factors have in proving possession. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The absence of some of the factors is not evidence of innocence that weighs against the factors that are present. *Id.*

### III. Analysis

Rodriguez's status as the driver of the truck constitutes an affirmative link between Rodriguez and his possession and control of the truck's contents. *See Powell v. State*, 112 S.W.3d 642, 644–45 (Tex. App.—Houston 2003, pet ref'd); *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston 1994, pet. ref'd); *see also James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet ref'd) (identifying that fact that defendant is driver of car may affirmatively link defendant to car's contents); *Fields v. State*, 932 S.W.2d 97, 104 (Tex. App.—Tyler 1996, pet. ref'd) (considering both that defendant's girlfriend had rented car and that defendant had had possession of car for several days before stop as factors in affirmative link analysis). Rodriguez admitted that he had possession and control of truck. He testified that his sister loaned it to him and that he had been driving it for two weeks when Officer Green stopped him the second time.

8

Rodriguez's possession of and control over the truck affirmatively links him to its contents.

A large amount of contraband, coupled with other drug paraphernalia, supports a finding of possession. *Driver v. State*, 358 S.W.3d 270, 275 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (presence of contraband and other drug paraphernalia are factors supporting existence of affirmative link); *see Villegas v. State*, 871 S.W.2d 894, 896–97 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (noting that the larger the amount of contraband, the stronger the link).

The bag with the largest amount of cocaine was stashed under the front center console. While obscured from view, the bag was easily accessible to Rodriguez and constitutes another factor linking the cocaine to Rodriguez. *See Cuong Quoc Ly v. State*, 273 S.W.3d 778, 780, 782 (Tex. App.—Houston [14th Dist.] 2008, pet, ref'd) (considering that cocaine was accessible to appellant because it was located under cup holders in center console next to the driver's seat). The State adduced evidence that Rodriguez had a young daughter, and police found the drugs in an infant shoebox. Finally, Rodriguez's "unusually nervous" state, viewed together with his repeated protestation of the officers' inventory search, supports a reasonable inference that Rodriguez was conscious that the vehicle contained contraband.

Rodriguez testified at trial, and denied that he knew about the drugs in the pickup. He noted that, although, he had a criminal record, none of his past offenses were drug related. As the fact-finder, the jury was entitled to reject Rodriguez's testimony as not credible. *See Clayton v. State*, 235 S.W.3d 772, 779 (Tex. Crim. App. 2007).

We hold that the cumulative logical force of the evidence adduced at trial, considered in a light most favorable to the verdict, provide legally sufficient support for the jury's verdict.

## Conclusion

We affirm the judgment of the trial court. Counsel for Rodriguez's motion to withdraw as counsel and substitute the Harris County Public Defender's office as counsel, as approved by the trial court, is GRANTED. It is ORDERED that the Harris County Public Defender's Office be substituted in as attorney of record.


                                         Jane Bland
                                         Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).